FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 3 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ADAM COULIBALY, et al.,

                Plaintiff,

- against -

MILLENNIUM SUPER CAR WASH, Inc.,

                Defendant.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-04760 (CBA) (CLP)

AMON, Chief United States District Judge.

    On September 24, 2012, plaintiff Adam Coulibaly ("plaintiff") commenced this action against defendant Millennium Super Car Wash, Inc. ("defendant") seeking unpaid wages, liquidated damages, and pre and post judgment interest pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. and the New York Labor Law, §§ 650, et seq. Defendant failed to answer the complaint and on January 23, 2013, the Clerk of Court noted defendant's default for failure to appear or otherwise defend this action. (DE #7.) Plaintiff subsequently moved, on March 15, 2013, for the entry of default judgment against defendant. (DE #8.) The Court referred the matter to Magistrate Judge Cheryl L. Pollak, who issued a Report and Recommendation ("R&R") on July 9, 2013, recommending that the Court grant plaintiff's motion for default judgment, and calculating plaintiff's damages. (DE # 15.)

    Neither party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks

and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Pollak's R&R.

## Conclusion

Plaintiff is entitled to $5,665.00 in minimum wage par, $12,163.89 in overtime pay, and an additional $17,828.89 in liquidated damages as a result of defendant's willful failure to pay overtime and minimum wages pursuant to the FLSA. Under New York Labor Law plaintiff is entitled to $2,873.00 in minimum wage pay, $6,316.99 in overtime pay, $1,251.45 in spread of hours pay, $1,663.85 in liquidated damages as a result of defendant's willful failure to pay wages owed, as well as pre-judgment interest that has accrued from September 26, 2010 until the entry of judgment in the amount of $2,945.35. In total, the Court awards plaintiff $50,708.42 plus any post-judgment interest that accrues after final judgment is entered.

SO ORDERED.

Dated: Brooklyn, New York
       November 13, 2013

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge